IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| MARCUS E. HODGE JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:10-CV-270-A |
| | § | (Consolidated with |
| RICK THALER, Director, | § | No. 4:10-CV-271-A) |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

These are consolidated petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Marcus E. Hodge Jr., a state prisoner currently incarcerated in Bonham, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petitions should be dismissed as time barred.

I. PROCEDURAL HISTORY

In January 2005 petitioner was charged by indictment with aggravated sexual assault of S.H., a child younger than 14 years of age, in the 372nd District Court of Tarrant County, Texas, in

Case No. 0951070D. (02State Habeas R. at 31) In September 2005 petitioner was charged by indictment with sexual assault of D.B., a child younger than 17 years of age, in the same court in Case No. 0986493D. (01State Habeas R. at 31)

On June 27, 2005, pursuant to a plea bargain agreement, petitioner pled guilty in Case No. 0951070D to the lesser offense of sexual assault of a child younger than 17 years of age, and the trial court placed him on eight years' deferred adjudication community supervision, ordered him to pay a fine and costs, and entered conditions of his community supervision. (02State Habeas R. at 32-41) As part of the plea agreement and conditions, petitioner agreed to complete a sex offender evaluation with Ezio Leite, a sex offender counselor. Whether petitioner would be required to register as a sex offender was to be determined by the judge upon evaluation and a recommendation by Leite. (02State Habeas R. at 32, 41) Petitioner did not directly appeal the deferred adjudication judgment or conditions; thus the judgment became final under state law thirty days later on July 27, 2005. *See Manuel v. Texas*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); TEX. R. APP. P. 26.2(a)(1).

On April 24, 2006, pursuant to a plea bargain agreement, petitioner pled guilty in Case No. 0986493D to sexual assault of

a child younger than 17 years of age, and the trial court placed him on seven years' deferred adjudication community supervision, ordered him to pay a fine and costs, and entered conditions of his community supervision. (Clerk's R. at 25; 01State Habeas R. at 32-38) As part of the plea agreement and conditions, petitioner was to continue "sex offender treatment (treatment only to run CC w/ 0951070)," and register as a sex offender. (Clerk's R. at 25, 27; 01 State Habeas R. at 37) Petitioner did not directly appeal the deferred adjudication judgment or conditions; thus the judgment became final under state law thirty days later on May 24, 2006. *See Manuel*, 994 S.W.2d at 661-62; TEX. R. APP. P. 26.2(a)(1).

On April 25, 2007, the state filed a petition to proceed to adjudication of guilt in both cases, alleging that (1) petitioner failed to register as a sex offender (paragraph one), (2) failed to report to his supervision officer during the months of May 2006 through March 2007 (paragraph two), (3) failed to report an address change to his supervision officer (paragraph three), (4) failed to pay his fines, various fees and court costs (paragraph four), and (5) failed to comply with attendance and treatment contract requirements by being unsuccessfully discharged from Psychotherapy Services and Zokefellows on May 24, 2006 (paragraph

3

five). (01State Habeas R. at 40-41; 02State Habeas R. at 44-45)

At the revocation hearing on January 22, 2008, the state waived paragraph one and petitioner pled true to the court to paragraphs two through five in each petition. (01State Habeas R. at 43; 02State Habeas R. at 46) Thereafter, the trial court adjudicated petitioner's guilt and assessed his punishment at ten years' confinement in each case, the sentences to run concurrently. (01State Habeas R. at 46; 02 State Habeas R. at 48)

Petitioner appealed the trial court's judgments adjudicating his guilt, claiming the state presented no evidence that it exercised due diligence in pursuing revocation of his community supervision. The appellate court affirmed the trial court's judgments and denied petitioner's motion for rehearing on January 29, 2009. (2nd COA Docket Sheet) *Hodge v. State*, Nos. 2-08-030-CR & 2-08-031-CR (Tex. App.-Fort Worth Dec. 18, 2008) (not designated for publication) Petitioner filed two petitions for discretionary review, one in each case, which were struck as noncompliant with state appellate rules or procedures on May 20, 2009. *Hodge v. State* , PDR Nos. 573-09 & 574-09.

On October 1, 2009, petitioner filed two applications for writ of habeas corpus in state court, raising the claims

presented herein, which were denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on December 9, 2009. (01State Habeas R. at cover; 02State Habeas R. at cover) Petitioner filed this federal petition for writ of habeas corpus on April 20, 2010. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

D. ISSUES

Petitioner raises two grounds for relief in which he claims his guilty pleas were rendered involuntary because the state breached the terms of the plea agreement and because he was misled into pleading guilty through erroneous information conveyed to him by court officials. (Pet. at 5)

E. STATUTE OF LIMITATIONS

Thaler has filed a motion to dismiss the action with prejudice as time-barred. (Resp't Mtn. to Dismiss at 6-12) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct

>     review or the expiration of the time for
>     seeking such review;
> 
>     (B) the date on which the impediment to
>     filing an application created by State action
>     in violation of the Constitution or laws of
>     the United States is removed, if the
>     applicant was prevented from filing by such
>     State action;
> 
>     (C) the date on which the
>     constitutional right asserted was initially
>     recognized by the Supreme Court, if the right
>     has been newly recognized by the Supreme
>     Court and made retroactively applicable to
>     cases on collateral review; or
> 
>     (D) the date on which the factual
>     predicate of the claim or claims presented
>     could have been discovered through the
>     exercise of due diligence.
> 
>   (2) The time during which a properly filed
>   application for State post-conviction or other
>   collateral review with respect to the pertinent
>   judgment or claim is pending shall not be counted
>   toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Petitioner alleges his pleas were rendered involuntary because the state breached its promise "that Ezio Leite would do an evaluation on [him] and submit the results to the judge." (Pet'r Resp. at 5) According to petitioner, the results were never submitted to the trial judge, and he was led to believe the same promise in the earlier case was to apply to the later case in Case No. 0986493D. (Pet'r Supp. Resp. at 5) Thus, petitioner

asserts his petitions are timely because (1) he had not been convicted at the time of the deferred adjudication judgments,[1] (2) the state had not breached the plea agreements and no infractions of the conditions of his community supervision had occurred at the time of the deferred adjudication judgments, and (3) his "convictions" did not become final until July 13, 2009, when the appellate court issued its mandate affirming the judgments adjudicating guilt,[2] after which he diligently pursued post conviction state and federal relief. (Pet'r Resp. at 3-5)

The state habeas court entered the following findings of fact relevant to petitioner's claims:

. . .

6. [Petitioner] was evaluated by Ezio Leite and Yokefellows [on July 12, 2005, February 28, 2006, and March 15, 2006].

7. [Petitioner] was properly admonished in accordance with article 26.13 of the Texas Code of Criminal Procedure.

---

[1]This argument is meritless in light of *Manuel v. Texas*, 994 S.W.2d at 661-62, and *Caldwell v. Dretke*, 429 F.3d 521, 528-30 (5th Cir. 2005).

[2]The issuance of the mandate by a state court of appeals is of no consequence for the purpose of determining the date on which the state court judgment became "final" for purpose of commencing the one-year limitations period for applying for federal habeas relief. *Caldwell*, 429 F.3d at 523 n.3.

7

8. The written plea admonishments dictate[] that [petitioner]'s "treatment" would run concurrent and not his requirement to register.

9. [Petitioner] was evaluated by Ezio Leite and Yokefellows prior to the court's order on April 24, 2006 that he register as a sex offender.

10. [Petitioner] was admonished that he would "be required to meet the sexual offender registration requirements set out in" Chapter 62.

11. [Petitioner] acknowledged by his signature that "[his] attorney ha[d] advised [him] concerning the sex offender registration requirements."

12. [Petitioner] does not allege how he was harmed regarding the requirement that he register as a sex offender.

13. [Petitioner] was adjudicated guilty, based on his pleas of true, for (1) failing to report to his community supervision officer, (2) failing to report an address to his community supervision officer, and (3) fail[ing] to comply with the sex offender treatment requirements.

14. [Petitioner] was not adjudicated guilty for failing to register as a sex offender.

(01State Habeas R. at 26)

Based on its findings, the state court, applying the presumption of regularity with respect to guilty pleas under state law, concluded that petitioner was properly admonished, and not misled, as to the consequences of his plea, including the requirement that he register as a sex offender, his pleas were freely, voluntarily, and knowingly given, and, absent any

evidentiary basis, the state did not violate the terms of the plea agreement. (01State Habeas R. at 25-27; 02State Habeas R. at 26-28)

The record supports the habeas court's resolution of the issues. Petitioner was admonished that he would be required to register as a sex offender on April 24, 2006, the date the trial court entered its judgment placing him on deferred adjudication community supervision in Case No. 0986493D. Thus, for purposes of subsection 2244(d)(1)(D), applicable to his first claim, petitioner could have determined the factual predicate of the claim on April 24, 2006, having executed the written plea admonishments and ordered to register as a sex offender. Thus, the limitations period was triggered on that date and expired one year later on April 24, 2007, subject to any applicable tolling.

For purposes of § 2244(d)(1)(A), applicable to petitioner's second claim, the federal statute of limitations commenced when the trial court's deferred adjudication judgment in Case No. 0986493D became final by the conclusion of direct review or the expiration of the time for seeking such review. The 2006 judgment became final upon expiration of the time petitioner had for filing a timely notice of appeal on May 24, 2006. TEX. R. APP. P. 26.2. The limitations period expired one year later on

9

May 24, 2007, subject to any applicable tolling. *Caldwell v. Dretke*, 429 F.3d 521, 526-27 (5th Cir. 2005).

Petitioner's postconviction state habeas applications, filed on October 1, 2009, after the limitations period had already expired as to both claims, did not operate to toll the limitations period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner has not otherwise alleged or demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) Petitioner's federal petition filed on April 20, 2010, was filed beyond the limitations period as to each claim and is, therefore, untimely.

F. VOLUNTARINESS OF PETITIONER'S GUILTY PLEAS

Even if the petition were timely, the record does not support petitioner's claims.[3] A guilty plea must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding

---

[3] The Fifth Circuit has granted a certificate of appealability on the question of whether *Caldwell* continues to stand in light of the Supreme Court's opinion in *Burton v. Stewart*, 549 U.S. 147, 156 (2007). *See Tharpe v. Thaler*, No. 09-10632 (5th Cir. Jan.21, 2010) (order granting COA in part and denying COA in part). Thus, petitioner's claims are also considered on the merits.

the plea.  *Brady v. United States*, 397 U.S. 742, 748 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242-43 (1969).  If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review.  *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).

When a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so it can be said to be part of the inducement or consideration, such promise must be fulfilled."  *Santobello v. New York,* 404 U.S. 257, 262 (1971). In order to receive federal habeas corpus relief based on alleged promises that are inconsistent with representations made in open court, a prisoner must prove:  (1) the terms of the alleged promise; (2) when the promise was made; and (3) the precise identity of an eyewitness to the promise. *United States v. Smith,* 915 F.2d 959, 963 (5th Cir. 1990).  Petitioner has not satisfied this three-part test.

The documentary records reflect petitioner was evaluated by Ezio Leite and Yokefellows on three occasions, as agreed in the 2005 plea agreement, prior to the 2006 plea proceedings. (02State Habeas R. at 24, 26)  In the 2006 proceedings, the state agreed only to run petitioner's treatment concurrently with that in the earlier case.  Consequently, the state's plea-bargaining

11

promises were kept.

Furthermore, before a trial court may accept a guilty plea, the court must ensure that the defendant is advised of the consequences of his plea and the various constitutional rights that he is waiving by entering such a plea. *Boykin*, 395 U.S. at 243. Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

The record in this case does not demonstrate that petitioner's guilty pleas were in any way induced by misrepresentation regarding the requirement that he register as a sex offender on the part of the state or the trial court sufficient to overcome the presumption of regularity of the state court records. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity") The written plea admonishments

executed by petitioner specifically state: "If you receive a conviction of a deferred adjudication for a sexual offense listed in Chapter 62, Code of Criminal Procedure, you will be required to meet the sexual offender registration requirements set out in that Chapter," the trial court admonished petitioner on the requirement, and both petitioner and his trial counsel averred that petitioner was advised concerning the requirement. (Clerk's R. at 27-29) Petitioner presents no credible evidence to rebut the presumption of regularity of the state court records. Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue, unsupported and unsubstantiated by anything in the record, to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 n.2 (5th Cir. 1983); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).

Petitioner offers only conclusory allegations that the State breached its plea agreement or that his guilty pleas were rendered involuntary as a result of misrepresentation by court officials. Such bald allegations do not support a claim for habeas relief. *Blackledge*, 431 U.S. at 74. Petitioner has failed to rebut, by clear and convincing evidence, the state courts' factual determinations or to demonstrate the state

13

courts' adjudication of his claims is contrary to or an unreasonable application of federal law.

For the reasons discussed herein,

The court ORDERS that the petitions of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and are hereby, dismissed as untimely or, alternatively, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED August 17, 2010.

_____
JOHN McBRYDE
United States District Judge